# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE HENSLEY,<br><br>            Plaintiff,<br><br>      v.<br><br>THE BANK OF NEW YORK f/k/a/ THE BANK OF NEW YORK AS SUCCESSOR TO J.P. MORGAN CHASE BANK, N.A., AS TRUSTEE FOR PASS-THROUGH CERTIFICATES, SERIES 2006-AR1; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RECONSTRUCT COMPANY, N.A.; BANK OF AMERICA HOME LOANS,<br><br>            Defendants.<br>_____/ | CASE NO. 1:10-cv-01316-LJO-SMS<br><br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND WITHIN THIRTY DAYS<br><br><br><br><br><br><br>(Doc. 1) |

On July 22, 2010, Plaintiff Arlene Hensley, proceeding pro se, filed a complaint seeking a permanent injunction and other equitable relief. This matter has been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

**I.      Screening Requirement**

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299

-1-

U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  Accordingly, this Court screens all complaints filed by plaintiffs *in propria persona* to ensure that the action is not frivolous or malicious, that the action states a claim upon which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief.

**II.     Allegations in the Complaint**

On November 8, 2005, Plaintiff secured a $270,000 mortgage loan, secured by property at 2404 Buckley Way, Modesto, California, from lender First Bank d/b/a First Bank Mortgage. Although Plaintiff signed a waiver of borrower's rights form, her attorney failed to sign his or her affidavit indicating that the attorney had explained to Plaintiff the rights she was waiving and believed that Plaintiff understood her rights.  Because the attorney affidavit was not signed, Plaintiff contends that the waiver is invalid.  Accordingly, Plaintiff alleges that she is entitled to jury trial in any foreclosure action.

Plaintiff alleges that an unidentified lender or lenders engaged in a predatory lending scheme, violated the truth in Lending Act, and failed to record appropriate mortgage assignments under California law.  She also contends that, in the absence of legal assignments, Defendant Reconstruct Co. lacks standing to sell the property in a foreclosure sale on July 28, 2010.

**III.    Pleading Standards**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair

notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*).  To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

"A short and plain statement of the claim showing that the pleader is entitled to relief" contemplates a simple and straightforward, but complete, account of the relevant occurrences, actors, and resulting damages.  As presently written, the complaint is incomplete, failing to set forth, in logical, detailed, and numbered paragraphs the identities and roles of the Plaintiff and Defendants, or the elements of Plaintiff's multiple claims.  The complaint is also replete with Plaintiff's legal conclusions regarding an unidentified "Lender's" violations of federal and state law.

///

///

## IV. Specific Pleading Deficiencies in Complaint

### A. Defendant Without Allegations

Although Plaintiff names Bank of America Home Loans as a Defendant, the complaint includes no allegations of any type against it.  Accordingly, if Bank of America Home Loans were served with process in this action, it would be entitled to dismissal as a matter of law.  In her amended complaint, should she elect to submit one as permitted by this order, Plaintiff must either omit Bank of America Home Loans as a Defendant, or set forth a cognizable claim against it.

### B. Closing Attorney

The complaint includes allegations regarding the closing attorney's failure to execute certain documents in the course of closing Plaintiff's mortgage loan.  No closing attorney is named as a Defendant.  If Plaintiff intends to name the closing attorney as a Defendant, she must identify the closing attorney as a Defendant in the caption and include specific factual allegations identifying the attorney and establishing her claims against her or him.

### C. First Bank d/b/a First Bank Mortgage

Similarly, although the complaint includes allegations against First Bank, it is not named as a Defendant in the caption. If Plaintiff intends to name First Bank as a Defendant, she must identify it as a Defendant in the caption and include specific factual allegations establishing her claims against it.

### D. Unidentified Reference

The complaint alleges "that the *Lender* engage[d] in a predatory lending scheme . . . . .," but never identifies which Defendant was the lender.  As presently written, the complaint ties no

///

named Defendant to Plaintiff's various claims under the Home Ownership and Equity Protection Act of 1994, the Truth in Lending Act, or California state law.

### E.  Injunctive Relief

An injunction is an extraordinary remedy. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). It should issue only when court intervention "is essential in order effectually to protect property rights against injuries otherwise irremediable." *Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919). "[T]he basis for injunctive relief has always been irreparable injury and the inadequacy of legal remedies." *Weinberger*, 456 U.S. at 312.

Although the complaint seeks a permanent injunction, it does not specify the nature of the injunction sought. At the very least, the amended complaint must articulate what behavior, by which Defendants, the Plaintiff seeks to preclude. In the absence of this information, this Court is unable to provide much specific guidance as to what Plaintiff must allege for her complaint to be cognizable.

The complaint must allege facts supporting the relief Plaintiff seeks. Before a court may enter a permanent injunction, a plaintiff seeking must satisfy a four-part test, demonstrating (1) that it has suffered irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and the defendant, an equitable remedy is warranted; and (4) that the public interest would be served by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Plaintiff's revision of the complaint may also be guided by F.R.Civ.P. 65(d)(1), which requires every order granting an injunction to (A) state the reasons why it is issued; (B) state its terms specifically; and (C) describe in reasonable detail the act or acts restrained or required.

Because of Plaintiff's reference to a foreclosure sale scheduled for July 28, 2010, the Court questions whether Plaintiff intended to seek a temporary injunction to preclude the sale pending adjudication of her federal claims. If that was her intent, the complaint does not say so. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 374 (2008) (*citations omitted*).

### VIII. Conclusion and Order

As presently constituted, Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did in relation to each of Plaintiff's claimed causes of action. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*). Plaintiff should focus on identifying her legal claims and setting forth, as briefly but specifically as possible, the facts linking the Defendants she names to each claim for which she claims that defendant is liable.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v.*

*Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and

3. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **August 3, 2010**                   /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE