UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARLENE HENSLEY, | ) | 1:10-CV-1316 AWI SMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANTS' MOTION TO |
| v. | ) | DISMISS PLAINTIFF'S FIRST |
| | ) | AMENDED COMPLAINT |
| THE BANK OF NEW YORK MELLON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# I. History[1]

On November 8, 2005, Plaintiff Arlene Hensley obtained a $270,000.00 loan from First Bank Mortgage ("First Bank") in order to finance the property located at 2404 Buckley Way, Modesto, CA 95358.  The loan terms were set forth in a promissory note, which was secured by a deed of trust that was recorded on November 23, 2005 in Stanislaus County.  The deed of trust identifies First Bank as the lender, Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and First Land Trustee Corporation ("First Land") as the trustee.

On March 29, 2010, Defendant ReconTrust Company, N.A. ("ReconTrust"), acting as an agent for MERS, recorded a notice of default against Plaintiff in Stanislaus County.[2]  On April 7,

---

[1]   The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true.  The legally relevant facts relied upon by the court are discussed within the analysis.

[2]   The court notes that Plaintiff's complaint was erroneously filed against Defendant "Reconstruct Company, N.A."

1

2010, a substitution of trustee and assignment of deed of trust was recorded in Stanislaus County. ReconTrust was substituted as trustee in place of First Land, and the deed of trust was assigned to Defendant The Bank of New York Mellon ("BNY Mellon"). Subsequently, ReconTrust filed a notice of trustee's sale that was recorded on July 7, 2010.

Plaintiff, proceeding pro se, filed a complaint on July 22, 2010 in federal district court. The Magistrate Judge dismissed the complaint for failure to state a claim with leave to amend on August 3, 2010. On August 30, 2010, Plaintiff filed a First Amended Complaint ("FAC") against BNY Mellon, MERS and ReconTrust. In the FAC, Plaintiff made claims for (1) predatory lending against all Defendants; (2) all applicable monetary and statutory damages under the Truth In Lending Act ("TILA"); (3) all applicable monetary and statutory damages under the Real Estate Settlement Procedures Act ("RESPA"); (4) all applicable monetary and statutory damages under the Home Ownership and Equity Protection Act ("HOEPA"); and (5) quiet title. Plaintiff asks the court to issue a temporary or permanent injunction to enjoin the foreclosure sale.

Defendants MERS and ReconTrust filed a motion to dismiss. Defendant BNY Mellon has not filed a responsive pleading to the FAC. No timely opposition was received and the matter was taken under submission.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. Marceau v. Balckfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The court must also assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pac. Prop. and

Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004).  However, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Sci. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a Defendants' liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Id. at 1949-50.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

### III. Discussion

As a preliminary matter, Plaintiff's FAC fails because it does not allege any specific claim against any specific Defendant.  In dismissing the original complaint, the Magistrate Judge

instructed Plaintiff that an amended complaint must link "the Defendants she names to each claim for which she claims that Defendant is liable." Plaintiff's FAC either generally alleges a claim against "all Defendants" or does not identify any Defendant in the claim. "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings must meet some minimum threshold in providing a defendant notice of what it is it allegedly did wrong." Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995). Plaintiff has failed to place each of the Defendants on notice of the claim or claims being asserted against it. Nevertheless, the court will examine each of the claims alleged in the complaint to determine whether to grant the motion to dismiss.

**A.      Wrongful Foreclosure**

In Plaintiff's Introduction and Facts section of the FAC, Plaintiff challenges MERS' right to foreclose and ReconTrust's right to conduct a foreclosure sale. Specifically, Plaintiff alleges that the original note was not endorsed to MERS and therefore "[w]ithout the endorsement or production of the original mortgage note, MERS cannot exercise the right to transfer/assign or foreclose." Plaintiff alleges ReconTrust does not have the right to conduct a foreclosure sale "because they were never given the proper assignment by the proper Owner." Defendants contend that Plaintiff lacks standing to challenge the foreclosure sale.

"Under California law, the tender rule requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt." Singh v. America's Servicing Co., No. 2:10-CV-0836-JAM-GGH, 2010 WL 3853325, at *2 (E.D. Cal. September 30, 2010); see also Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (1996). However, "tender may not be required where it would be inequitable to do so." Onofrio v. Rice, 55 Cal. App. 4th 413, 424 (1997). "The essential requisites of tender are: (1) An unconditional offer to perform, coupled with a manifested ability to carry out the offer; (2) A production of the subject matter of the contract; (3) The property tendered must not be less than what is due; and (4) If greater, there must be no demand for a return of the excess." Guy F. Atkinson Co. of Cal. and Subsidiaries v. C.I.R., 814 F.2d 1388, 1393 (9th Cir. 1987).

Plaintiff's FAC does not allege that Plaintiff has attempted to tender the loan amount, has the ability to do so, or allege facts that it would be inequitable to require tender.  Accordingly, Plaintiff's FAC has failed to state a claim against Defendants MER and ReconTrust for wrongful foreclosure.  The court grants Defendants' Motion to Dismiss Plaintiff's wrongful foreclosure claim without prejudice.  Plaintiff is granted leave to amend her wrongful foreclosure claim.

**B.     Quiet Title**

In Count III, Plaintiff brings a claim for quiet title.  Although the FAC does not contain any specific factual allegations with respect to a quiet title claim, Plaintiff requests that the court "enter an order . . . quieting title to the subject property in the name of Plaintiff and declare Defendants' security interest in the subject property void by operation of law[.]"

California Code of Civil Procedure § 761.020 states that a claim to quiet title requires: (1) a verified complaint, (2) a description of the property, (3) the title to which a determination is sought, (4) the adverse claims to the title against which a determination is sought, (5) the date as of which the determination is sought, and (6) a prayer for the determination of the title.

The tender rule applies to a quiet title action because the claim is implicitly integrated to the foreclosure sale.  Kozhayev v. America's Wholesale Lender, No. CIV S-09-2841 FCD DAD PS, 2010 WL 3036001, at *5 (E.D. Cal. Aug. 2, 2010); see also Shimpones v. Stickney, 219 Cal. 637, 649 (1934).  Thus, a "quiet title action is doomed in the absence of Plaintiffs' tender of the full amount owed."  Gjurovich v. Cal., No. 1:10-cv-01871-LJO-SMS, 2010 WL 4321604, at *8 (E.D. Cal. Oct. 26, 2010).

Plaintiff's FAC does not allege that she has tendered, or is able to tender.  Therefore, Plaintiff cannot sustain a quiet title action.  The court grants Defendants' Motion to Dismiss Plaintiff's quiet title action without prejudice.  Plaintiff is granted leave to amend.  The court instructs Plaintiff that an amended quiet title claim must (1) allege tender; (2) meet the pleading requirements of section 761.020; and (3) tie specific Defendants to her quiet title claim.

**C.     Predatory Lending**

In Count I of the FAC, Plaintiff asserts a claim for predatory lending against all Defendants.  Plaintiff alleges, *inter alia*, that "she was not allowed to properly review the loan

documents and terms prior to closing" and "was not provided proper notice of her right to cancel either at the time of closing or thereafter."

Plaintiff's FAC does not indicate what statute she is bringing her predatory lending claim under. However, under California law, Financial Code § 4970, *et seq.*, prohibits predatory lending practices pertaining to "covered loans." Section 4970 provides:

> (b) "Covered loan" means a consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following conditions are met:
>
> (1) For a mortgage or deed of trust, the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor.
>
> (2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount.

Plaintiff alleges no facts indicating that the subject loan qualifies as a "covered loan" under section 4970. Accordingly, Plaintiff has failed to state a claim for predatory leading. Defendants' Motion to Dismiss Plaintiff's predatory lending claim is granted without prejudice. Plaintiff is granted leave to amend. The court instructs Plaintiff that any amended claim for predatory lending must allege (1) why the subject loan qualifies as a covered loan under section 4970; (2) which Defendants are liable for predatory lending; and (3) the predatory lending practices that each Defendant engaged in.

**D.     TILA and HOEPA**

Plaintiff brings a claim for all applicable monetary and statutory damages under TILA and HOEPA. Defendants contend that Plaintiff's TILA claims are time-barred by the applicable statute of limitations.

"HOEPA is an amendment of TILA, and therefore is governed by the same remedial scheme and statutes of limitations as TILA." Hamilton v. Bank of Blue Valley, No. CV F 10-1740 LJO SKO, 2010 WL 4222724, at *15 (E.D. Cal. Oct. 20, 2010); see also Green v. Alliance Title, No. CIV S-10-0242 MCE EFB PS, 2010 WL 3505072, at *6 (E.D. Cal. Sep. 2, 2010) (stating that "HOEPA is simply a component of TILA, and thus, it is governed by the same

6

statute of limitations").

### 1. Monetary Damages

For damages, TILA has a one year statute of limitation: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The limitations period runs from the date of consummation of the transaction, with "consummation" defined as "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13); Grimes v. New Century Mortg. Corp., 340 F.3d 1007, 1009 (9th Cir. 2003). Plaintiff obtained her loan on November 8, 2005, which means that the statute of limitations period ran out on November 9, 2006, well before Plaintiff filed suit on July 22, 2010.

However, the Ninth Circuit has held that "the doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986). "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000) (citations omitted). In determining justifiable application of the equitable tolling doctrine, the court "focuses on excusable delay by the plaintiff." Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002). "[E]quitable tolling does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing." Santa Maria, 202 F.3d at 1178. The inquiry focuses on whether a "reasonable plaintiff would not have known of the existence of a possible claim within the limitations period[.]" Id.

"[E]quitable tolling is inappropriate when nothing prevented the plaintiff from comparing the disclosures made and the disclosures required under TILA." Carter v. GMAC Mortg. LCC, No. CIV. 2:10-639 WBS DAD, 2010 WL 4904958, at *3 (E.D. Cal. Nov. 24, 2010). For example, in Hubbard v. Fidelity Federal Bank, 91 F.3d 75, 79 (9th Cir. 1996), plaintiff argued that the statute of limitations should have been tolled until she discovered the errors in her loan.

7

1  The Ninth Circuit rejected this argument, stating that "nothing prevented [plaintiff] from
2  comparing the loan contract, [Defendants'] initial disclosures, and TILA's statutory and
3  regulatory requirements."  Id.; see also Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902-03
4  (9th Cir. 2003) (rejecting plaintiffs' equitable tolling argument because plaintiffs were in
5  possession of all relevant loan information and did not allege any conduct by defendant that
6  prevented discovery of their TILA claim).
7         Equitable tolling is inappropriate in this case because Plaintiff has not alleged that
8  anything prevented her from comparing the disclosures made and the disclosures required under
9  TILA and HOEPA.  Accordingly, Plaintiff's TILA and HOEPA claims for damages are time-
10 barred.  Defendants' Motion to Dismiss Plaintiff's TILA and HOEPA claims for damages is
11 granted without prejudice.  The court grants Plaintiff leave to amend in order to allege an
12 equitable tolling theory.  In addition, the court instructs Plaintiff that any amended claim must
13 indicate which Defendant violated TILA or HOEPA and how that Defendant violated those
14 statutes.
15        **2.     Rescission**
16        Similarly, Plaintiff's rescission claims under TILA and HOEPA are also time-barred.
17 Under 15 U.S.C. § 1635(f), TILA rescission claims "shall expire three years after the date of
18 consummation of the transaction or upon the sale of the property, whichever occurs first."
19 Equitable tolling does not apply to rescission claims.  Beach v. Ocwen Fed. Bank, 118 S. Ct.
20 1408 (1998).  Section 1635(f) acts as an "absolute limitation on rescission actions" because it
21 bars any claim filed more than three years after the consummation of the transaction.  Therefore,
22 Plaintiff's TILA and HOEPA rescission claims are time-barred.  Plaintiff obtained her loan on
23 November 8, 2005, and did not file her lawsuit until July 22, 2010, which was clearly after the
24 three-year limitation period.  Accordingly, Defendants' Motion to Dismiss Plaintiff's TILA and
25 HOEPA rescission claims is granted with prejudice and without leave to amend.
26 **E.     RESPA**
27        Plaintiff brings a claim for all applicable monetary and statutory damages under RESPA.
28 Defendants contend that Plaintiff's RESPA claims are time-barred and further argues that

8

RESPA does not provide a private right of action related to loan disclosures.

RESPA claims are subject either to a one year or three year statute of limitations period. See 12 U.S.C. § 2614. Although Plaintiff alleges that she is entitled to equitable tolling, the argument fails for the same reason as Plaintiff's TILA and HOEPA claims. Plaintiff has failed to explain how she was prevented from discovering, in the exercise of reasonable diligence, the information necessary to bring her RESPA claim within the applicable statute of limitations. Meyer, 342 F.3d at 902. Plaintiff's RESPA claim is dismissed without prejudice and with leave to amend in order to plead an equitable tolling theory.

Defendant also contends that RESPA does not provide a private right of action related to loan disclosures. Defendant argues that Plaintiff's RESPA claim is based on Defendants' failure to provide various disclosures. Title 12 U.S.C. §§ 2603 and 2604 require certain disclosures be made to home buyers. The Eastern District of California has previously held that no private right of action exists for alleged RESPA disclosure violations under 12 U.S.C. §§ 2603 and 2604. See Lopez v. Wachovia Mortg., No. 2:09-CV-01510-JAM-DAD, 2009 WL 4505919, at *3 (E.D. Cal. Nov. 20, 2009); Hawkins v. First Horizon Home Loans, No. S-10-1876 FCD/GGH, 2010 WL 4823808, at *6 (E.D. Cal. Nov. 22, 2010); Bassett v. Ruggles, No. CV-F-09-528 OWW/SMS, 2010 WL 1525554, at *9 (E.D. Cal. Apr. 15, 2010). Thus, the court instructs Plaintiff that any amended RESPA claim cannot be based on Defendants' failure to disclose information. In an amended claim, Plaintiff must also assert which Defendant violated RESPA and how RESPA was violated.

F.      **Request for Injunctive Relief**

Plaintiff requests that the court grant either a temporary or permanent injunction in order to prevent Defendants from conducting the scheduled Trustee's sale. Plaintiff has not set forth any specific allegations for why she is entitled to that relief.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). A plaintiff seeking a permanent

injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 126 S. Ct. 1837, 1839 (2006).

Plaintiff has failed to plead any facts alleging why she is entitled to a preliminary or permanent injunction. Furthermore, under California law, "injunctive relief is a remedy, not a cause of action." Parrish v. Indymac Bank, Inc., No. 2:09-CV-03290-JAM-GGH, 2010 WL 2771915, at *5 (E.D. Cal. Jul. 13, 2010); Marlin v. AIMCO Venezia, LLC, 154 Cal. App. 4th 154, 162 (2007). Thus, a cause of action must exist before injunctive relief may be granted. Lopez v. Washington Mut. Bank, F.A., No. 1:09-CV-1838 AWI JLT, 2010 WL 1558938, at *9 (E.D. Cal. Apr. 19, 2010); Tapia v. Aurora Loan Serv., LLC, No. 1:09-cv-01143 AWI GSA, 2009 WL 2705853, at *3-4 (E.D. Cal. Aug. 25, 2009). Since the court has concluded that Plaintiff has failed to state a claim for any cause of action, the request for injunctive relief is dismissed without prejudice. The court grants Plaintiff leave to amend consistent with this order.

### IV. Order

Defendants' motion to dismiss is GRANTED. Plaintiff's First Amended Complaint is DISMISSED; Plaintiff is granted leave to amend the (1) wrongful foreclosure claim; (2) quiet title claim; (3) predatory lending claim; (4) TILA damages claim; (4) HOEPA damages claim; and (5) RESPA claim. Plaintiff's TILA and HOEPA rescission claims are dismissed with prejudice and without leave to amend. Any amended complaint must be filed within twenty-one (21) days of the filing of this order.

**IT IS SO ORDERED.**

Dated:     December 22, 2010

**CHIEF UNITED STATES DISTRICT JUDGE**