IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE HENSLEY, ) | 1:10-CV-1316 AWI SMS |
| ) | |
| Plaintiff, ) | ORDER GRANTING |
| ) | DEFENDANTS' MOTION TO |
| v. ) | DISMISS |
| ) | |
| THE BANK OF NEW YORK MELLON, ) | [Doc. #15] |
| et al., ) | |
| ) | |
| Defendants. ) | |

## INTRODUCTION[1]

On November 8, 2005, Plaintiff Arlene Hensley obtained a $270,000.00 loan from First Bank Mortgage ("First Bank") in order to finance the property located at 2404 Buckley Way, Modesto, CA 95358. The loan terms were set forth in a promissory note, which was secured by a deed of trust that was recorded on November 23, 2005 in Stanislaus County. The deed of trust identifies First Bank as the lender, Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and First Land Trustee Corporation ("First Land") as the trustee.

On March 29, 2010, Defendant ReconTrust Company, N.A. ("ReconTrust"), acting as an

---

[1] The Introduction is provided for background only and does not form the basis of the Court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the Court are discussed within the analysis.

agent for MERS, recorded a notice of default against Plaintiff in Stanislaus County.  On April 7, 2010, a substitution of trustee and assignment of deed of trust was recorded in Stanislaus County in which MERS substituted ReconTrust as trustee in place of First Land and assigned the deed of trust to Defendant Bank of New York Mellon ("BNY Mellon").  Subsequently, ReconTrust filed a notice of trustee's sale that was recorded on July 7, 2010 in Stanislaus County.

Plaintiff, proceeding pro se, filed a Complaint on July 22, 2010.  The Magistrate Judge dismissed the complaint for failure to state a claim with leave to amend on August 3, 2010.  On August 30, 2010, Plaintiff filed a First Amended Complaint ("FAC") against BNY Mellon, MERS and ReconTrust.  The Court dismissed the FAC with leave to amend on December 23, 2010.

On January 14, 2011, Plaintiff filed a Second Amended Complaint ("SAC") against BNY Mellon, MERS, ReconTrust and BAC Home Loans Servicing, LP ("BACHLS").[2]  On February 4, 2011, Defendants filed a motion to dismiss the SAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff failed to file a timely opposition to Defendants' motion to dismiss.  Instead, Plaintiff filed a motion for extension of time on March 11, 2011.  The Court granted Plaintiff's motion, giving Plaintiff forty-five days to obtain legal representation to help file an opposition to Defendants' motion to dismiss.  Plaintiff did not file an opposition within the forty-five day time period.  For the reasons that follow, Defendants' motion to dismiss is granted.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside

---

[2] BACHLS was erroneously sued as Bank of America Home Loans and Countrywide Home Loans.

2

Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[.]" Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (citations omitted). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**DISCUSSION**

1.     Wrongful Foreclosure

Plaintiff alleges that foreclosure was improper because MERS "could not be named or act

3

in the capacity of a beneficiary" when it had no financial interest in the deed of trust.  SAC at 4.  Therefore, Plaintiff alleges that MERS' substitution of ReconTrust as trustee and MERS' assignment of the deed of trust to BNY Mellon was ineffective for all purposes.  Id.

Federal and state courts in California have repeatedly rejected similar challenges to MERS where the plaintiff expressly authorized MERS to act as a beneficiary.  Morgera v. Countrywide Home Loans, Inc., No. 2:09-CV-01476-MCE-GGH, 2010 WL 160348, at *8 (E.D. Cal. Jan. 11, 2010); Pantoja v. Countrywide Home Loans, 640 F. Supp. 2d 1177, 1188-90 (N.D. Cal. 2009); Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1157 (2011).  In this case, Plaintiff signed a deed of trust that explicitly states that MERS is a beneficiary.[3]  (Doc. 16-1 at 3.)  Specifically, the deed of trust provides:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any and all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Id. at 4.  This contractual language is consistent with numerous cases in which courts have held that where MERS acts as a beneficiary under a deed of trust, it has the right to assign its interest.  Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010); Benham v. Aurora Loan Servs., No. C-09-2059 SC, 2009 WL 2880232, at *3 (N.D. Cal. Sep. 1, 2009); Kachlon v. Markowitz, 168 Cal. App. 4th 316, 334-35 (2008).  Moreover, California Civil Code § 2934a expressly authorizes a beneficiary under a deed of trust to substitute the trustee.  See Cal. Civ. Code § 2934a.  Therefore, MERS properly substituted ReconTrust as a trustee and assigned its beneficial interest to BNY Mellon.

---

[3] In connection with their motion to dismiss, Defendants filed a request for judicial notice, asking the Court to take judicial notice of various documents, including the aforementioned deed of trust and documents related to the deed of trust.  (Doc. 16.)  Courts may take judicial notice of matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  The documents submitted by Defendants were all recorded in the Official Records of the Stanislaus County Recorder's Office.  Therefore, judicial notice of these documents is taken.

1     Furthermore, a defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (1996). An action to set aside a foreclosure sale, unaccompanied by an offer to tender, does not state a cause of action. Karlsen v. American Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117 (1981).

    Plaintiff argues that the tender rule does not apply when a trustee goes forward with a foreclosure sale without any legal authority to do so, citing to Dimock v. Emerald Properties, LLC, 81 Cal. App. 4th 868 (2000). SAC at 4. This argument is unavailing in light of the Court's conclusion that MERS properly substituted ReconTrust as trustee. Pursuant to California Civil Code § 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Therefore, ReconTrust, as trustee, had legal authority to conduct the foreclosure sale.

    Plaintiff next contends that tender may not be required where it would be inequitable to do so, citing to Onofrio v. Rice, 55 Cal. App. 4th 413, 424 (1997). While this legal contention is correct, Plaintiff has not explained how an offer to tender would be inequitable in the current circumstances. Since Plaintiff has not alleged tender, Plaintiff fails to state a claim for wrongful foreclosure. Accordingly, Defendants' motion to dismiss Plaintiff's wrongful foreclosure claim is GRANTED. In the Court's prior order dismissing Plaintiff's First Amended Complaint, the Court explained that a valid wrongful foreclosure claim requires Plaintiff to allege tender or allege facts that it would be inequitable to require tender. Order at 5:1-2. Since Plaintiff has again failed to correct this deficiency, it is apparent that Plaintiff cannot rectify her wrongful foreclosure claim through additional factual allegations. Therefore, dismissal is with prejudice and without leave to amend.

    2.    Real Estate Settlement Procedures Act ("RESPA")

    Plaintiff alleges that on May 7, 2010, she sent a qualified written request to BACHLS under 12 U.S.C. § 2605, requesting certain documents pertaining to her loan. SAC at 6. Plaintiff

alleges that she requested, *inter alia*, an original "wet signature" note and a Final Settlement Statement from BACHLS, but BACHLS failed to respond. Id.

Under RESPA, borrowers may send qualified written requests to loan servicers for information related to the servicing of their loan. 12 U.S.C. § 2605(e)(1)(A). Servicing "means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). RESPA requires a "qualified written request" to "include a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii).

In addition, in order to state a claim for a violation of 12 U.S.C. § 2605, a plaintiff must allege that the breach resulted in actual damages. Pok v. Am. Home Mortg. Servicing, Inc., No. CIV 2:09-2385 WBS EFB, 2010 WL 476674, at *5 (E.D. Cal. Feb. 3, 2010). Courts, however, "have interpreted this requirement liberally." Yulaeva v. Greenpoint Mortg. Funding, Inc., No. CIV S-09-1504 LKK/KJM, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 3, 2009). Nonetheless, "the loss alleged must be related to the RESPA violation itself." Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010). Further, "simply having to file suit [does not suffice] as a harm warranting actual damages. If such were the case, every RESPA suit would inherently have a claim for damages built in." Id.

Plaintiff has not alleged sufficient facts to indicate that she sent a qualified written request to BACHLS. Plaintiff merely alleges that she requested an original wet signature note and a Final Settlement Statement. It is unclear from this allegation that the information Plaintiff requested related to loan servicing. Furthermore, even assuming Plaintiff sufficiently alleged a violation of RESPA, Plaintiff has not alleged any actual damages that resulted from BACHLS' failure to respond to Plaintiff's May 7, 2010 letter. Accordingly, Defendants' motion to dismiss

Plaintiff's RESPA claim is GRANTED.  Since this is the first time Plaintiff has brought a claim for a violation of 12 U.S.C. § 2605, dismissal is without prejudice and with leave to amend.  If Plaintiff files an amended claim, Plaintiff must allege that it met all of the requirements for a qualified written request under 12 U.S.C. § 2605 and additionally allege actual damages that resulted from the RESPA violation.

        3.       Quiet Title

In count seven of Plaintiff's SAC, Plaintiff brings a claim for quiet title.  Plaintiff moves the Court to "grant clear and unencumbered title . . . via a Quiet Title Claim."  SAC at 14.

California Code of Civil Procedure § 761.020 states that a claim to quiet title requires: (1) a verified complaint, (2) a description of the property, (3) the title to which a determination is sought, (4) the adverse claims to the title against which a determination is sought, (5) the date as of which the determination is sought, and (6) a prayer for the determination of the title.

The tender rule applies to a quiet title action because the claim is implicitly integrated to the foreclosure sale.  Kozhayev v. America's Wholesale Lender, No. CIV S-09-2841 FCD DAD PS, 2010 WL 3036001, at *5 (E.D. Cal. Aug. 2, 2010); see also Shimpones v. Stickney, 219 Cal. 637, 649 (1934).  Thus, a "quiet title action is doomed in the absence of Plaintiffs' tender of the full amount owed."  Gjurovich v. California, No. 1:10-cv-01871-LJO-SMS, 2010 WL 4321604, at *8 (E.D. Cal. Oct. 26, 2010).

Plaintiff's SAC does not allege that she has tendered, or is able to tender.  Therefore, Plaintiff cannot sustain a quiet title action.  Accordingly, Defendants' motion to dismiss Plaintiff's quiet title action is GRANTED.  The Court previously warned Plaintiff that an Plaintiff that an amended quiet title claim must (1) allege tender; (2) meet the pleading requirements of section 761.020; and (3) tie specific Defendants to her quiet title claim.  Order at 5:23-25.  Since Plaintiff has again failed to allege tender and tie specific Defendants to her quiet title claim, dismissal is with prejudice and without leave to amend.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendants' motion to dismiss Plaintiff's Second Amended Complaint is GRANTED. Plaintiff is granted leave to amend her RESPA claim based on a violation of 12 U.S.C. § 2605. Any amended complaint must be filed within twenty-one (21) days of the filing of this order.

IT IS SO ORDERED.

Dated:   May 27, 2011

CHIEF UNITED STATES DISTRICT JUDGE