# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE HENSLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE BANK OF NEW YORK MELLON, ) <br> et al., ) <br> ) <br> Defendants. ) <br> ) | 1:10-CV-1316 AWI SMS <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DIRECTING CLERK TO ENTER FINAL JUDGMENT AND CLOSE CASE <br><br> [Doc. #27] |

## INTRODUCTION[1]

On November 8, 2005, Plaintiff Arlene Hensley obtained a $270,000.00 loan from First Bank Mortgage ("First Bank") in order to finance the property located at 2404 Buckley Way, Modesto, CA 95358. The loan terms were set forth in a promissory note, which was secured by a deed of trust that was recorded on November 23, 2005 in Stanislaus County. The deed of trust identifies First Bank as the lender, Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and First Land Trustee Corporation ("First Land") as the trustee.

On March 29, 2010, Defendant ReconTrust Company, N.A. ("ReconTrust"), acting as an

---

[1] The Introduction is provided for background only and does not form the basis of the Court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the Court are discussed within the analysis.

agent for MERS, recorded a notice of default against Plaintiff in Stanislaus County.[2]  On April 7, 2010, a substitution of trustee and assignment of deed of trust was recorded in Stanislaus County in which MERS substituted ReconTrust as trustee in place of First Land and assigned the deed of trust to Defendant Bank of New York Mellon ("BNY Mellon").[3]  Subsequently, ReconTrust filed a notice of trustee's sale that was recorded on July 7, 2010 in Stanislaus County.

Plaintiff, proceeding pro se, filed a Complaint on July 22, 2010.  The Magistrate Judge dismissed the Complaint for failure to state a claim with leave to amend on August 3, 2010.  On August 30, 2010, Plaintiff filed a First Amended Complaint ("FAC") against BNY Mellon, MERS and ReconTrust.  The Court dismissed the FAC with leave to amend on December 23, 2010.

On January 14, 2011, Plaintiff filed a Second Amended Complaint ("SAC") against BNY Mellon, MERS, ReconTrust and Bank of America, N.A. ("Bank of America").[4]  On February 4, 2011, Defendants Bank of America, MERS and ReconTrust (collectively, "Defendants") filed a motion to dismiss the SAC.  Plaintiff failed to file a timely opposition to Defendants' motion to dismiss.  Instead, Plaintiff filed a motion for extension of time on March 11, 2011.  The Court granted Plaintiff's motion, giving Plaintiff forty-five days to obtain legal representation to help file an opposition to Defendants' motion to dismiss.  However, Plaintiff did not file an opposition within the forty-five day time period.  On May 27, 2011, the Court granted Defendants' motion to dismiss.  Plaintiff was granted leave to amend only her Real Estate Settlement Procedures Act ("RESPA") claim based on a violation of 12 U.S.C. § 2605.  Any amended complaint was required to be filed by June 17, 2011.

On June 20, 2011, Plaintiff, still proceeding pro se, filed an untimely Third Amended

---

[2] ReconTrust was erroneously sued as Reconstruct Company N.A.

[3] It appears that BNY Mellon has not been properly served by Plaintiff.  To date, BNY Mellon has not answered or appeared in this matter.

[4] The SAC was initially filed against BAC Home Loans Servicing, LP ("BACHLS").  Bank of America succeeded BACHLS by merger on July 1, 2011.

2

Complaint ("TAC") against BNY Mellon, MERS, ReconTrust and Bank of America.  On June 27, 2011, without leave of the Court or Defendants' written consent, Plaintiff filed a Revised Third Amended Complaint against the same parties.  Subsequently, Defendants filed the present motion to dismiss, asking the Court to dismiss both the Third Amended Complaint and the Revised Third Amended Complaint.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[.]" Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (citations omitted).  "In sum, for a complaint to

survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**DISCUSSION**

1.  Revised Third Amended Complaint

On June 20, 2011, Plaintiff filed a TAC. On June 27, 2011, without leave of the Court or Defendants' written consent, Plaintiff filed a Revised Third Amended Complaint, which was docketed by the Court as a Fourth Amended Complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." See Fed. R. Civ. P. 15(a)(1)(A) and (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect." Primerica Life Ins. Co. v. Davila, No. 1:10-CV-1924 AWI SMS, 2011 WL 643395, at *2 (E.D. Cal. Feb. 17, 2011) (citations omitted).

In this case, Plaintiff's right to amend as a matter of course had already terminated. Since Plaintiff did not receive leave from the Court or Defendants' written consent, the Revised Third Amended Complaint was filed in violation of Rule 15 and is without legal effect. Plaintiff's

4

Revised Third Amended Complaint is therefore stricken from the record.

2.      Wrongful Foreclosure

In the TAC, Plaintiff again challenges Defendants' right to foreclose on the property. TAC at 4. However, the Court previously dismissed Plaintiff's wrongful foreclosure claim with prejudice and without leave to amend. See Doc. 24 at 5. "Because the Court already dismissed this claim with prejudice, this claim cannot, as a matter of law, be pled again." Smith v. Nat'l City Mortg., No. 2:10–CV–00359 JAM–JFM, 2011 WL 1833009, at *4 (E.D. Cal. May 12, 2011). Therefore, the Court will not address Plaintiffs' wrongful foreclosure claim in the TAC.

3.      RESPA

Plaintiff alleges that on May 7, 2010 she sent a Qualified Written Request ("QWR") to Bank of America. TAC at 4-5. Plaintiff alleges that the QWR requested "pertinent loan documents," which to date has been denied to Plaintiff. Id.

Under RESPA, borrowers may send a QWR to loan servicers for information related to the servicing of their loan. See 12 U.S.C. § 2605(e)(1)(A). Servicing "means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." See 12 U.S.C. § 2605(i)(3). RESPA requires a QWR to "include a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." See 12 U.S.C. § 2605(e)(1)(B)(ii).

Defendants argue that the May 7, 2010 letter does not qualify as a QWR because (1) it does not identify any loan servicing errors and (2) requests information related to Plaintiff's loan origination. Motion at 6.

5

Plaintiff attached her May 7, 2010 letter to the TAC.[5] Defendants are correct that the May 7, 2010 letter does not identify any specific loan servicing error.[6] In addition, it appears to the Court that Plaintiff's concerns mostly relate to the loan origination process. See Doc. 25 at 20. However, the letter does include at least some information relating to the servicing of Plaintiff's loan and does provide specific detail as to some of the loan servicing information sought. For example, Plaintiff states:

> I am writing to complain about the accounting and servicing of my mortgage and my need for understanding and clarification of various charges, credits, debits, transactions, reversals, actions, payments, analysis and records related to the servicing of my loan from its origination to the present date. To date, the documents and information I have, that you have sent me, and the conversations with your service representatives cannot answer my many questions.

See Doc. 25 at 19. Within the letter, Plaintiff explicitly requested that Bank of America provide:

> 19. All loan servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, loan histories, accounting records, ledgers and documents that relate to the accounting of my loan from the inception of my loan until present date.
>
> 20. All loan servicing transaction records, ledges [sic], registers and similar items detailing how my loan has been serviced from the inception of my loan until present.

Id. at 22. Plaintiff's letter seeks additional information beyond the servicing of the loan. Id. at 21-22. However, the mere fact that a letter also requests non-loan servicing information does not necessarily disqualify a letter from constituting a QWR. See Phillips v. Bank of Am., No. 10-CV-04561-LHK, 2011 WL 132861, at *4 (N.D. Cal. Jan. 14, 2011).

---

[5] "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the motion into a Rule 56 motion for summary judgment[.]" United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." Id. at 908. Since Plaintiff attached her May 7, 2010 letter to the TAC, this Court takes judicial notice of the letter. Therefore, the Court will consider Plaintiff's May 7, 2010 letter in ruling on Defendants' motion to dismiss.

[6] The May 7, 2010 letter states that Bank of America has been accused of "servicing schemes," but does not clarify what these schemes were. See Doc. 25 at 19.

Nevertheless, Plaintiff still has not stated a RESPA claim under 12 U.S.C. § 2605. In order to state a claim for a violation of 12 U.S.C. § 2605, a plaintiff must allege that the breach resulted in actual damages. Pok v. Am. Home Mortg. Servicing, Inc., No. CIV 2:09-2385 WBS EFB, 2010 WL 476674, at *5 (E.D. Cal. Feb. 3, 2010). Courts, however, "have interpreted this requirement liberally." Yulaeva v. Greenpoint Mortg. Funding, Inc., No. CIV S-09-1504 LKK/KJM, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 3, 2009). Nonetheless, "the loss alleged must be related to the RESPA violation itself." Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010). Further, "simply having to file suit [does not suffice] as a harm warranting actual damages. If such were the case, every RESPA suit would inherently have a claim for damages built in." Id.

In the TAC, Plaintiff has again failed to allege any actual damages as a result Defendants' alleged RESPA violation. In its previous order, the Court explicitly told Plaintiff that she needed to allege actual damages that resulted from the RESPA violation. See Doc. 24 at 7. Since Plaintiff has again failed to correct this deficiency, it is apparent that Plaintiff cannot rectify her RESPA claim through additional factual allegations.[7] Therefore, dismissal is with prejudice and without leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' motion to dismiss is GRANTED with prejudice and without leave to

---

[7] The Court notes that in the Revised Third Amended Complaint Plaintiff alleges that the RESPA violations resulted in damages. See Doc. 26 at 9. Specifically, Plaintiff alleges that she (1) has been unable to secure secondary financing on her home; (2) has been unable to secure a loan modification; (3) has incurred expenses in doing research, purchasing legal materials, miscellaneous legal expenses via consultations, photocopying documents, notary fees, mailing expenses, time and travel as well as hundreds of hours spent in an attempt to retain my home of over thirty (30) years; and (4) has been unable to secure affordable current representation due to the large amount of legal research required to document the exact status of Plaintiff's legal standing. Id. Even assuming Plaintiff's Revised Third Amended Complaint was not a legal nullity, Plaintiff would not have stated a RESPA claim under 12 U.S.C. § 2605. Plaintiff fails to explain how these alleged damages relate in any way to Defendants' failure to adequately respond to Plaintiff's QWR.

7

amend;

2. The Clerk is DIRECTED to enter final judgment against Plaintiff and in favor of Defendants; and

3. The Clerk close the case.

IT IS SO ORDERED.

Dated: September 12, 2011

CHIEF UNITED STATES DISTRICT JUDGE